### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

_____

KEITH A. HARTLEY,

          Plaintiff,       CIVIL NO.: _____

v.

                                      **COMPLAINT**

ACCRETIVE HEALTH, INC., d/b/a
MEDICAL FINANCIAL SOLUTIONS

                              **JURY TRIAL DEMANDED**
          Defendant.

_____

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4. Plaintiff Keith Hartley (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Accretive Health, Inc. (hereinafter "Defendant"), is a collection agency operating from an address of 401 North Michigan Avenue Suite 2700 Chicago, IL 60611 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime prior to 2010, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. On October 6, 2011, Defendant called Plaintiff and left a voicemail message. Defendant failed to identify itself as a debt collector. Defendant failed to state it was calling in an attempt to collect a debt.

8. The conduct of Defendant is a violation of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d(6), 1692e, and 1692e(11) amongst others.

### Respondeat Superior Liability

9. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff, further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

10. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these

agents were authorized to perform by Defendant in collecting consumer debts.

11. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

12. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

*Summary*

13. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

14. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

**TRIAL BY JURY**

15. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

18. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

19. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

20. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and

21. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

                         MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  November 3, 2011

                         s/ Mark L. Vavreck
                         Mark L. Vavreck, Esq.
                         Bar Number #0318619
                         Attorney for Plaintiff
                         Martineau, Gonko & Vavreck, PLLC
                         Designers Guild Building
                         401 North Third Street, Suite 600
                         Minneapolis, MN 55401
                         Telephone:  (612) 659-9500
                         Facsimile:  (612) 659-9220
                         mvavreck@mgvlawfirm.com